UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTRA MEDICAL GROUP, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 20-2374 (RJL) |
| ) | |
| U.S. CITIZENSHIP AND ) | |
| IMMIGRATION SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**
(March 29, 2022) [Dkts. #14, 21]

Plaintiff Centra Medical Group, LLC ("Centra" or "petitioner"), a healthcare provider, challenges under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq., the partial denial of its I-129 petition for an H-1B nonimmigrant visa on behalf of Dr. Sesha Krishna Kotapati ("Dr. Kotapati" or "beneficiary"). Although U.S. Citizenship and Immigration Services and its Director (collectively, "defendants" or "USCIS") approved Dr. Kotapati for the H-1B classification, they denied the change-of-status request—requiring Dr. Kotapati to travel outside the United States to change his status from J-2 to H-1B and to obtain his visa. After petitioner filed its Complaint ("Compl.") [Dkt. #1], Dr. Kotapati traveled abroad, obtained an H-1B visa, and reentered the United States as an H-1B nonimmigrant. Because Centra's challenge to the denial of the change-of-status portion of its petition is moot and Centra lacks standing to challenge the underlying policy, defendants' Motion to Dismiss [Dkt. #21] is hereby GRANTED and the parties' cross-motions for summary judgment [Dkts. # 14, 21] are hereby DENIED as moot.

1

## BACKGROUND

### A. Legal Background

Under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., certain foreign medical graduates and specialty workers—and their dependent spouses and children—are eligible for nonimmigrant classification. Several classifications are relevant to plaintiff's claims.

*First*, the J-1 nonimmigrant visa classification is available to certain aliens "coming to the United States to participate in a program under which he will receive graduate medical education or training." 8 U.S.C. § 1101(a)(15)(J); *see also id.* § 1182(j). Those admitted as J-1 nonimmigrants must satisfy a two-year "foreign residency requirement" ("FRR")—which obligates J-1 holders to "reside[] and be[] physically present in the country of [their] nationality or … last residence for an aggregate of at least two years following departure from the United States"—before they are eligible to apply for a subsequent visa or status. *Id.* § 1182(e). A waiver of the FRR is available to J-1 nonimmigrants who "agree[] to practice primary care or specialty medicine" for at least three years in geographic areas that have a shortage of health-care professionals. *Id.* § 1184(l)(1)(D). If the alien fails to fulfill the 3-year employment contract, the waiver no longer applies and he must satisfy the FRR. *Id.* § 1184(l)(3).

*Second*, aliens (and minor children) may qualify as J-2 dependents of their J-1 nonimmigrant spouses (and parents). *See* 8 U.S.C. § 1101(a)(15)(J); 8 C.F.R. § 214.1(a)(1)(iv). J-2 dependents whose spouses are subject to the FRR are also subject to that requirement. 8 C.F.R. § 212.7(c)(4). "A spouse or child may not be admitted for

2

longer than the principal exchange visitor." *Id.* § 214.2(j)(1)(ii).

*Third*, the H-1B classification is available to "an alien ... who is coming temporarily to the United States to perform services ... in a specialty occupation." 8 U.S.C. § 1101(a)(15)(H)(i)(b). And, *fourth*, "[t]he spouse and children of an H nonimmigrant, if they are accompanying or following to join such H nonimmigrant in the United States, may be admitted, if otherwise admissible, as H-4 nonimmigrants for the same period of admission or extension as the principal spouse or parent." 8 C.F.R. § 214.2(h)(9)(iv).

Although J-1 foreign medical graduates are generally not permitted to change to another nonimmigrant status, *see* 8 U.S.C. § 1258(a)(2), those who qualify for the FRR waiver may change from J-1 to H-1B status. 8 U.S.C. § 1184(l)(2)(A); *see also* 8 C.F.R. § 212.7(c)(9)(iii). "If [USCIS] approves a waiver request ..., the foreign medical graduate (and accompanying dependents) may apply for change of nonimmigrant status, from J-1 to H-1B and, in the case of dependents of such a foreign medical graduate, from J-2 to H-4." 8 C.F.R. § 212.7(c)(9).

## B. Factual Background

Centra, a " non-profit medical practice group with over 150 physicians, specialists, and surgeons[,] provid[es] primary and specialty care clinical services throughout south central Virginia." Compl. ¶ 42. On July 1, 2020, Centra filed a I-129 nonimmigrant H-1B petition on behalf of Dr. Kotapati, a psychiatrist and citizen of India. *See* Administrative Record ("R.") [Dkt. #29] at 12–28. At the time Centra filed the petition, Dr. Kotapati held J-2 status as a dependent of his wife, who was admitted as a J-1 nonimmigrant to participate in graduate medical training. R.40. Centra requested that USCIS (1) classify Dr. Kotapati

3

as a temporary worker in a specialty occupation under 8 U.S.C. § 1101(a)(15)(H)(i)(b), and (2) change Dr. Kotapati's status from J-2 to H-1B. R.14.

In response, USCIS issued a Request for Evidence seeking documentation to establish that Dr. Kotapati qualified as a J-2 spouse and had obtained a FRR waiver, and that Dr. Kotapati's spouse had satisfied the waiver's requirements. R.165–67. USCIS also informed Centra that Dr. Kotapati was not eligible to change status to any nonimmigrant classification, except H-4, until his wife fulfilled the waiver's requirements. R.166. USCIS explained, however, that a J-2 dependent may be eligible to change to H-1B if he independently obtained a waiver, and invited Centra to submit evidence that Dr. Kotapati had done so. R.166–67. Centra responded to USCIS' request, submitting evidence that Dr. Kotapati was admitted as a J-2 spouse and that his wife had received a FRR waiver. R.161. Centra also included a letter from plaintiff's counsel, arguing that "[t]here is no support in the law for" USCIS' position "that a J-2 spouse is limited to changing to H-4 status, and not H-1B or some other status." R.162–63.

On July 22, 2020, USCIS approved Dr. Kotapati for H-1B classification. However, USCIS denied the domestic change-of-status request because the petitioner failed to establish that Dr. Kotapati was eligible to change to any status other than H-4. R.168–71.

After petitioner filed this suit in August 2020, Dr. Kotapati traveled to Monterrey, Mexico, where the Department of State issued him an H-1B visa on November 19, 2020. *See* Decl. of Mary Suarez, Ex. A to Defs.' Cross-Mot. for Summ. J. and Mot. to Dismiss [Dkt. #21-1], at ¶ 7. He reentered the United States that day as an H-1B nonimmigrant. *Id.*

### C. Procedural Background

Plaintiff filed this action on August 26, 2020. *See generally* Compl. In its two-count Complaint, Centra (1) alleged that the denial of its change-of-status request on behalf of Dr. Kotapati violated the APA because it was arbitrary and capricious, an abuse of discretion, and not in accordance with the law; and (2) sought a declaratory judgment under 28 U.S.C. § 2201 confirming that J-2 spouses are authorized to change to nonimmigrant classifications other than H-4. *Id.* at ¶¶ 64–75.

Centra requested injunctive and declaratory relief, including that the Court (1) "[v]acate [d]efendants' denial of the change-of-status portion of the H-1B nonimmigrant visa petition"; (2) "[o]rder [d]efendants to promptly approve the H-1B visa petition in full and change Dr. Kotapati's nonimmigrant status to H-1B domestically"; (3) "[o]rder [d]efendants' blanket policy prohibiting J-2 derivatives … from changing to anything other than H-4 nonimmigrant status as facially invalid, and enjoining further application"; and (4) "[d]eclare that J-2 derivatives … are eligible to change to H-1B or any other nonimmigrant status for which they may otherwise be eligible." *Id.* at 12–13.

The parties filed cross-motions for summary judgment and defendants moved to dismiss. *See* Pl.'s Mot. for Summ. J. and Mem. in Support ("Pl.'s MSJ") [Dkt. #14, 15]; Defs.' Cross-Mot. for Summ. J. and Mot. to Dismiss ("Defs.' MSJ") [Dkt. #21]. Both summary-judgment motions and defendants' motion to dismiss are now ripe.

## LEGAL STANDARD

"When considering a motion to dismiss under Rule 12(b)(1), the court must accept as true all uncontroverted material factual allegations contained in the complaint and

5

'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged and upon such facts determine jurisdictional questions.'" *Albra v. Bd. of Trs.*, 296 F. Supp. 3d 181, 185 (D.D.C. 2018) (quoting *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011)). "[T]he court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta,* 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted).

## ANALYSIS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) "presents a threshold challenge to the court's jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). "Article III of the Constitution limits federal courts' jurisdiction to certain 'Cases' and 'Controversies.'" *Clapper v. Amnesty Int'l U.S.A.*, 568 U.S. 398, 408 (2013). In other words, "Article III denies federal courts the power to decide questions that cannot affect the rights of litigants in the case before them, and confines them to resolving real and substantive controversies admitting of specific relief through a decree of a conclusive character." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (quotation marks and citations omitted). Standing and mootness are both elements of Article III's limitation. *See id.*; *Reid v. Hurwitz*, 920 F.3d 828, 832 (D.C. Cir. 2019). "The plaintiff bears the burden of invoking the court's subject matter jurisdiction, including establishing the elements of standing." *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015).

Defendants argue that this Court lacks subject-matter jurisdiction because Dr. Kotapati's receipt of an H-1B visa moots Centra's suit and Centra lacks standing to pursue

6

its challenge to the alleged policy underlying the change-of-status denial. Defs.' MSJ at 12–14. Plaintiff disagrees, asserting that at least its broad challenge to the alleged underlying policy is not moot. Pl.'s Reply in Support of Mot. for Summ. J. and Opp. to Defs.' Cross-Mot. for Summ. J. ("Pl.'s Reply") [Dkt. #23] at 1–3. And, plaintiff claims, it has standing to pursue this broad challenge because the policy "continue[s] to negatively impact" it. *Id.* at 3. Unfortunately for plaintiff, I agree with defendants that this Court lacks subject-matter jurisdiction because plaintiff's individual challenge to the change-of-status denial is moot, and plaintiff lacks standing to challenge the underlying policy.

### A. Plaintiff's individual challenge to the denial of the change-of-status portion of its petition on behalf of Dr. Kotapati is moot.

Defendants first claim that this case "does not present a live case or controversy" because, "after the complaint was filed, Dr. Kotapati traveled outside the United States, and was issued an [H-1B] visa by the United States Department of State." Defs.' MSJ at 13. Plaintiff responds that "the broader challenge to [defendants'] 'H-4 only' policy is not moot" and its claim for declaratory relief remains live. Pl.'s Reply at 1–3. Plaintiff makes somewhat conflicting representations as to whether it concedes that the individual challenge to the denial of the change-of-status portion of its petition is moot. *Compare id.* at 1–2 *with id.* at 3 n.2. Assuming plaintiff maintains that its individual challenge is not moot, its position is without merit.

A claim "is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (quotation marks and citation omitted). Plaintiff's APA challenge of a specific

7

agency action—the change-of-status denial—is plainly moot. The issuance of an H-1B visa to Dr. Kotapati is an "intervening event[] mak[ing] it impossible to grant the prevailing party effective relief." *Lemon v. Geren*, 514 F.3d 1312, 1315 (D.C. Cir. 2008) (citation omitted). Because Dr. Kotapati has already obtained his H-1B visa, vacating defendants' denial of the change-of-status portion of the I-129 petition and ordering defendants to change Dr. Kotapati's status domestically—plaintiff's requested relief—would have no effect on plaintiff.[1]

---

[1] In passing, plaintiff invokes the exception to mootness for a claim that is capable of repetition, yet evading review. Pl.'s Reply at 3 n.2. This exception "applies only in exceptional situations," *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983), where the plaintiff demonstrates that "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again," *Clarke v. United States*, 915 F.2d 699, 704 (D.C. Cir. 1990) (en banc) (citation omitted) (alteration in original). Unfortunately for plaintiff, it has failed to show that this is such an exceptional situation.

With respect to the first prong, Centra argues that it "react[s] to individual denials by sending their former J-2 doctors abroad to process their H-1B visas," which "ensures that each individual change-of-status denial cycle is 'too short to be fully litigated.'" Pl.'s Reply at 3 n.2. But the claimed "cycle" is artificial; the change-of-status denial is a final action with no predetermined expiration date that would warrant application of the exception. Instead, it is plaintiff's own conduct—sending the beneficiary abroad—that marks the end of the controversy by making the change-of-status denial irrelevant. And it would be odd to give a plaintiff who causes the controversy to "evade review" the benefit of the exception. *See, e.g.*, *Entergy Servs. v. FERC*, 391 F.3d 1240, 1246 (D.C. Cir. 2004). Moreover, plaintiff's ability to seek preliminary relief in a future case suggests that its claim does not "evade review." *See City of Houston v. Dep't of Housing and Urban Dev.*, 24 F.3d 1421, 1427 (D.C. Cir. 1994); *see, e.g.*, *Thatikonda v. USCIS*, 2020 WL 2126716, at *7 (D.D.C. May 5, 2020) (granting in part motion for preliminary injunction and staying defendants' decision denying petition). A plaintiff must "make a full attempt to prevent his case from becoming moot, an obligation that includes filing for preliminary injunctions and appealing denials of preliminary injunctions." *Newdow v. Roberts*, 603 F.3d 1002, 1009 (D.C. Cir. 2010). Because Centra's own conduct mooted its claim and it did not move for any preliminary relief, Centra has failed to fulfill this obligation. *See, e.g.*, *Garcia v. Acosta*, 393 F. Supp. 3d 93, 104 (D.D.C. 2019); *PETA v. U.S. Fish & Wildlife Serv.*, 59 F. Supp. 3d 91, 97–98 (D.D.C. 2014).

On the second prong, plaintiff asserts that it "will continue to file these cases and Defendants will apply their 'H-4 only' policy." Pl.'s Reply at 3 n.2. For an injury to be capable of repetition, "there must be a reasonable expectation or demonstrated probability that the same controversy will recur involving the same complaining party." *Spirit of the Sage Council v. Norton*, 411 F.3d 225, 230 (D.C. Cir. 2005) (quotation marks omitted). Centra's general assertion that it will file similar petitions in the future is insufficient to satisfy its "burden of demonstrating there is a reasonable expectation of repetition." *Grass Words Lawn Care v. Acosta*, 2019 WL 1981087, at *7 (D.D.C. May 3, 2019); *see also Int'l Internship Programs v. Napolitano*, 853 F. Supp. 2d 86, 96 (D.D.C. 2012) (declaration by plaintiff that it will file future visa petitions "alone is insufficient to show probability or reasonable expectation" of future injury).

Nonetheless, "[i]t is well-established that if a plaintiff challenges both a specific agency action and the *policy* that underlies that action, the challenge to the policy is not necessarily mooted merely because the challenge to the particular agency action is moot." *City of Houston*, 24 F.3d at 1428. I therefore assume that plaintiff's challenge to the underlying policy is not moot. *See id.* at 1429–30.

### B. Plaintiff lacks standing to pursue its claim challenging defendants' alleged policy underlying the individual denial.

Defendants next argue that plaintiff lacks standing because it "can not demonstrate that it has an injury that is concrete." Defs.' MSJ at 14. With respect to plaintiff's challenge to the underlying policy, defendants claim, "[p]laintiff fails to sufficiently demonstrate that it will be subject to the subject policy going forward." *Id.* In response, plaintiff contends that it "has standing to pursue this broad challenge to USCIS policy." Pl.'s Reply at 3. It argues that its "ability to employ former J-2 spouses and to recruit J-1 physicians ... is a 'concrete and particularized interest.'" *Id.* Plaintiff further claims that it "will continue being hampered in its future filings by the 'H-4' only policy the government insists is right and will continue to enforce." *Id.* Unfortunately for plaintiff, its response fails. How so?

Although a challenge seeking declaratory relief is not necessarily mooted where the specific conduct that gave rise to the case is no longer at issue, "plaintiffs challenging an ongoing policy must demonstrate 'standing to bring such a forward-looking challenge and [that] the request for declaratory relief is ripe.'" *Del Monte Fresh Produce Co. v. United States*, 570 F.3d 316, 321 (D.C. Cir. 2009) (quoting *City of Houston*, 24 F.3d at 1429).

9

"The 'irreducible constitutional minimum of standing contains three elements': injury in fact, causation, and redressability." *Arpaio*, 797 F.3d at 19 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). *First*, to establish an injury in fact, a plaintiff must demonstrate the "invasion of a legally protected interest which is (a) concrete and particularized ... and (b) 'actual or imminent, not "conjectural" or "hypothetical."'" *Lujan*, 504 U.S. at 560 (citation omitted). *Second*, "there must be a causal connection between the injury and the conduct complained of," such that the injury is "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Id.* (quotation marks, ellipses, and brackets omitted). And, *third*, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* at 561. Finally, where a plaintiff "seek[s] declaratory and injunctive relief, past injuries alone are insufficient to establish standing. Rather, [the plaintiff] must show [it] is suffering an ongoing injury or faces an immediate threat of injury." *Dearth v. Holder*, 641 F.3d 499, 501 (D.C. Cir. 2011). A prospective injury is insufficiently "actual or imminent" where a plaintiff alleges only "'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be"—to engage in the relevant conduct that would lead to the alleged injury. *Lujan*, 504 U.S. at 564. Demonstrating such injury requires more than an allegation that the plaintiff "might be" subject to the challenged policy in the future. *Haase*, 835 F.2d at 911.

Centra has not established standing to bring a forward-looking challenge to defendants' interpretation and application of the change-of-status regulation because its

prospective injury is insufficiently concrete and imminent. It alleges only "some day" intentions to file future change-of-status petitions on behalf of J-2 nonimmigrants, with no indication of when that "some day" will be or any further description of its plans. *See* Decl. of Dr. Madril, Ex. A to Pl.'s Reply [Dkt. #23-1], at ¶ 10 ("[W]e have often wanted to hire these J-2 spouses ourselves by filing a petition to change their status to H-1B without needing to depart the United States. That is what we sought to do with Dr. Kotapati, and what we plan to do in the future."). Centra identifies no J-2 applicants for employment, let alone specific candidates it wishes to hire. *See generally Kinsley v. Blinken*, 2021 WL 4551907, at *7 (D.D.C. Oct. 5, 2021). It is thus "wholly conjectural" whether "another occasion might arise when" Centra seeks to hire a J-2 spouse who is eligible as an H-1B nonimmigrant. *Cf. Dearth*, 641 F.3d at 503 (citation omitted). Because plaintiff has failed to demonstrate a "real and immediate" injury sufficient to establish standing, I need not address the remaining elements.

## CONCLUSION

For all the foregoing reasons, defendants' [Dkt. #21] Motion to Dismiss for Lack of Subject-Matter Jurisdiction is hereby GRANTED, and the parties' cross-motions for summary judgment [Dkt. #14, 21] are DENIED as moot.

_____
RICHARD J. LEON
United States District Judge